[NOT FOR PUBLICATION -- NOT TO BE CITED AS PRECEDENT]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 97-2250

 UNITED STATES OF AMERICA,

 Plaintiff, Appellee,

 v.

 ONE RURAL LOT, ET AL.,

 Defendants, Appellees.

 RAMON TORRES-GONZALEZ,

 Claimant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jaime Pieras, Jr., Senior U.S. District Judge]

 

 Before

 Torruella, Chief Judge,
 Selya and Boudin, Circuit Judges.

 

Ramon Torres-Gonzalez on brief pro se.
Guillermo Gil, United States Attorney, and Miguel A. Fernandez,
Assistant United States Attorney, on brief for appellee United States of
America.

 
 May 8, 1998

 

 Per Curiam. We assume arguendo that appellate
jurisdiction exists and summarily affirm the "final decree of
forfeiture." As was the case in a similar appeal recently
filed by this same appellant, the double jeopardy argument
emphasized below is now defunct in light of United States v.
Ursery, 518 U.S. 267 (1996). And the arguments advanced on
appeal were never squarely presented to the district court and
prove unavailing in any event.
 In particular, the suggestion that the government lacked
standing to bring the instant forfeiture action is baseless. 
The argument that the filing of multiple forfeiture proceedings
contravened res judicata or collateral estoppel is meritless,
especially given the lack of any indication that they involved
overlapping properties. The remaining contentions advanced by
appellant--that Ursery cannot be applied retroactively; that
the forfeitures here violated the Takings Clause; and that his
plea agreement was invalid--can be rejected without comment. 
 Affirmed. See Loc. R. 27.1.